IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS EDWARD LIPANI, | Civil No. 3:20-cv-915 |
| Petitioner | (Judge Mariani) |
| v. | |
| SUPERINTENDENT HAINSWORTH, et al., | |
| Respondents | |

**MEMORANDUM**

Petitioner Thomas Edward Lipani ("Lipani") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a judgment and conviction imposed in the Court of Common Pleas of Carbon County, Pennsylvania. (Doc. 1). For the reasons discussed below, the Court will dismiss the petition as untimely.

**I.   Background**

On October 7, 1998, a jury found Lipani guilty of rape, statutory rape, indecent assault, corruption of minors, conspiracy, and involuntary deviate sexual intercourse. *See Commonwealth v. Lipani*, https://ujsportal.pacourts.us, electronic docket number CP-13-CR-0000261-1996. On April 22, 1999, the trial court sentenced him to a term of imprisonment of nineteen to thirty-eight years. *Id.* Lipani filed a direct appeal. *Id.* On May 15, 2000, the Pennsylvania Superior Court affirmed the judgment of sentence. *Commonwealth v. Lipani*, 2851 EDA 1999 (Pa. Super. May 15, 2000). Lipani filed a petition for allowance of appeal

with the Pennsylvania Supreme Court. On November 14, 2000, the Pennsylvania Supreme Court denied the petition for allowance of appeal. *Commonwealth v. Lipani*, 407 MAL 2000 (Pa. Nov. 14, 2000). Lipani did not file a petition for writ of certiorari with the United States Supreme Court.

On November 2, 2001, Lipani filed his first petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46. On July 3, 2002, the PCRA court denied the petition. Lipani filed an appeal to the Pennsylvania Superior Court. On September 16, 2003, the Superior Court affirmed the PCRA court's denial of the petition. *Commonwealth v. Lipani*, 2665 EDA 2002 (Pa. Super. Sept. 16, 2003). On January 18, 2005, the Pennsylvania Supreme Court denied Lipani's petition for allowance of appeal. *Commonwealth v. Lipani*, 685 MAL 2004 (Pa. Jan. 18, 2005).

On March 27, 2009, Lipani filed a second PCRA petition. *See Commonwealth v. Lipani*, No. CP-13-CR-0000261-1996. The PCRA court denied the petition on May 13, 2009. *See id.* It does not appear that Lipani filed an appeal to the Pennsylvania Superior Court. *See id.*

Lipani filed his third PCRA petition on February 4, 2010. *See id.* On February 8, 2010, the PCRA court denied the petition. *See id.* There is no indication that Lipani filed an appeal to the Pennsylvania Superior Court. *See id.*

On December 1, 2016, Lipani filed his fourth PCRA petition arguing that his sentence is illegal under *Alleyne v. United States*, 570 U.S. 99 (2013). (*See* Doc. 12, pp. 12-19). On

July 11, 2017, the PCRA court dismissed the petition as untimely and found that the holding in *Alleyne* is not retroactive. (*Id.* at pp. 11-19).

On January 28, 2019, Lipani filed his fifth PCRA petition again arguing that his sentence is illegal under *Alleyne*. On August 2, 2019, the PCRA court dismissed the petition as untimely and found that the holding in *Alleyne* is not retroactive. (Doc. 12, pp. 34-45). The PCRA court also noted that Lipani unsuccessfully raised this argument in a prior PCRA petition. (*Id.*). Lipani filed an appeal to the Pennsylvania Superior Court. On February 14, 2020, the Superior Court affirmed the PCRA court's dismissal of the petition as untimely. *Commonwealth v. Lipani*, 2020 WL 755173, 247 A.3d 418 (Table) (Pa. Super. Feb. 14, 2020). The Superior Court found that "*Alleyne* does not apply retroactively to cases on PCRA review, and does not invalidate a mandatory minimum sentence when presented in an untimely PCRA petition." *Id.* at *2. The Superior Court also agreed with the PCRA court's conclusion that "[Lipani's] 'judgment of sentence, which became final on February 12, 2001, more than twelve years before *Alleyne* was decided, was neither illegal when imposed or now.'" *Id.* at *3 (citing PCRA Court Opinion, 8/2/19, at 11). Lipani did not file a petition for allowance of appeal to the Pennsylvania Supreme Court.

On or about May 29, 2020, Lipani filed the instant federal habeas petition. (Doc. 1). On January 25, 2021, Respondents filed a response seeking dismissal of the petition as untimely. (Doc. 12). The petition is ripe for resolution.

3

## II. Discussion

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). See 28 U.S.C. § 2244(d)(1). Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28. U.S.C. § 2244(d); *see Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. *See Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001).

Lipani was sentenced on April 22, 1999. *See Commonwealth v. Lipani*, No. CP-13-CR-0000261-1996. He filed a direct appeal, and, on November 14, 2000, the Pennsylvania Supreme Court denied his petition for allowance of appeal. Lipani's judgment of sentence became final on February 12, 2001, at the expiration of the ninety-day period for filing a petition for writ of certiorari with the United States Supreme Court. The one-year period for the statute of limitations commenced running as of that date. Hence, the federal petition, which was filed on May 29, 2020, is clearly untimely. However, the Court's analysis does not end here; consideration of both statutory and equitable tolling must be undertaken.

### A. Statutory Tolling

Pursuant to 28 U.S.C. § 2244, the running of the limitation period is suspended for the period of time when properly filed state post-conviction proceedings are pending in any state court. *See* 28 U.S.C. § 2244(d)(2). Here, the statute of limitations began running on February 12, 2001 and, absent any tolling, would expire on or about February 12, 2002. However, pursuant to 28 U.S.C. § 2244(d)(2), when Lipani filed his first PCRA petition on

5

November 2, 2001, the AEDPA's filing period was statutorily tolled, with 102 days of the one-year filing period remaining. The statute remained tolled until January 18, 2005, the date the Pennsylvania Supreme Court denied Lipani's petition for allowance of appeal. The 102 days remaining in which to file his federal petition expired on May 2, 2005.

Although Lipani filed four additional PCRA petitions in state court, he failed to toll the statute of limitations for filing his federal habeas petition because these PCRA petitions were not properly filed. As stated, § 2244(d)(2) tolls the one-year statute of limitations with respect to the "time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2) (emphasis added). An application is "properly filed" for statutory tolling purposes "when its delivery and acceptance are in compliance with the [state's] applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Lipani filed his four additional PCRA petitions on March 27, 2009, February 4, 2010, December 1, 2016, and January 28, 2019, after the expiration of the one-year grace period. Because these PCRA petitions were untimely, they do not properly toll the AEDPA statute of limitations. *See Long v. Wilson*, 393 F.3d 390, 394-95 (3d Cir. 2004) (holding that PCRA petition had no effect on tolling because "the limitations period had already run when it was filed"). Thus, these PCRA petitions did not further toll the statute of limitations.

Moreover, Lipani's third and fourth PCRA petitions were dismissed by the state courts as untimely. In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Supreme Court held

that "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *See id.* at 414 (quoting *Carey v. Saffold*, 536 U.S. 214 (2002)). Case law is clear that an untimely PCRA petition is not "properly filed" and, therefore, does not toll the statute of limitations. *See id.* at 417 ("Because the state court rejected Petitioner's PCRA petition as untimely, it was not 'properly filed,'" and he is not entitled to statutory tolling under § 2254(d)(2)."). Accordingly, Lipani is not entitled to statutory tolling for the periods during which his third and fourth PCRA petitions were pending.

To the extent that Lipani again attempts to rely on the Supreme Court's decision in *Alleyne* to argue that his mandatory minimum sentence was illegal, the Court notes that *Alleyne* does not act to toll the statute of limitations for his petition. The exception contained in § 2244(d)(1)(C) applies only to rules of law which are made retroactively applicable to cases on collateral review. The Third Circuit has made clear that the rule in *Alleyne* is not so applied. *See United States v. Reyes*, 755 F.3d 210, 212 (3d Cir. 2014) ("[T]he Supreme Court has not chosen to apply *Alleyne's* new rule retroactively to cases on collateral review"); *United States v. Winkleman*, 746 F.3d 134, 136 (3d Cir. 2014) ("*Alleyne* cannot be applied retroactively to cases on collateral review."). *See also Commonwealth v. McIntyre*, 2020 WL 3244339, at *7 n.14 (Pa. June 16, 2020) (ruling in *Alleyne* "was not entitled to retroactive application to cases pending on collateral review") (citing *Commonwealth v. Washington*, 142 A.3d 810 (2016)). *Alleyne* does not provide Lipani with the relief he seeks

7

because direct review in his case concluded more than one year before the *Alleyne* decision was rendered on June 17, 2013.[1] For these reasons, the AEDPA statute of limitations is not subject to statutory tolling.

## B.     Equitable Tolling

Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. *See Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006); *LaCava v. Kyler*, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. *See Merritt*, 326 F.3d at 168. Generally, a litigant seeking equitable tolling must establish the following two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418.

With respect to the diligent pursuit of rights, petitioner must demonstrate that he or she exercised reasonable diligence in investigating and bringing the claims. *See Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. *See LaCava*, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have

---

[1] As set forth above, the habeas statute also creates an alternate start date of the habeas limitations period in limited circumstances, providing in relevant part that the limitations period shall run from "the date on which the constitutional right asserted was recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively available to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). Assuming that § 2244(d)(1)(C) applied, it would have operated to start the one-year clock running on June 17, 2013, the date the Supreme Court decided *Alleyne*. Lipani waited nearly seven years after that date to file his federal habeas petition, so it would have been untimely in any event.

acted with reasonable diligence throughout the period he seeks to toll." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim. *See Jones*, 195 F.3d at 159; *Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005).

Additionally, the Supreme Court has recognized that a credible showing of actual innocence may allow a petitioner to pursue the merits of his § 2254 petition notwithstanding the existence of "a procedural bar . . . or . . . expiration of the statute of limitations" under the miscarriage of justice exception. *See McQuiggin v. Perkins*, 569 U.S. 383 386 (2013). Such claims, however, are "rarely successful." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). To prevail under this standard, a petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in the light of new evidence." *See id.* at 327. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *See id.* at 316.

In the instant case, Lipani presents no evidence to account for his delay in seeking federal habeas relief from this Court. Moreover, Lipani does not indicate that extraordinary circumstances obstructed his pursuit of such relief. Finally, Lipani advances no claim of actual innocence or the discovery of new evidence that would support such a finding. Accordingly, the Court concludes that there is no basis for the limitations period to be equitably tolled in this matter.

### III. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the case at bar, jurists of reason would not find the

procedural disposition of this case debatable. Accordingly, the Court will not issue a COA in this case.

## IV. Conclusion

The Court will deny Lipani's application (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 as untimely and a COA will not issue. A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: January 13, 2022